IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 95-CR-30094-01-MJR |
| | ) | |
| KEVIN L. UNTHANK, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM and ORDER

REAGAN, District Judge:

Over 11 years ago, Kevin Unthank pled guilty to narcotics charges before the Honorable William L. Beatty.   In January 1996, at the conclusion of a detailed two-day sentencing hearing (after ruling on multiple objections to the PreSentence Recommendation or "PSR"), Judge Beatty sentenced Unthank.   Judgment was entered on January 30, 1996.   Unthank moved to "correct" or reconsider his sentence in February 1996.   Judge Beatty denied that motion the following month (*see* Docs. 90, 92).

An appeal followed, culminating in a June 1997 mandate from the Seventh Circuit, affirming the District Court's decision.   In May 1998, Unthank filed a motion to amend or correct his sentence under 28 U.S.C. § 2255.   That motion commenced a separate civil proceeding (Case No. 98-cv-0373-WLB).   After thorough briefing of the issues (with Unthank ably represented by counsel), Judge Beatty denied Unthank's § 2255 petition on October 21, 1998.

Eight years later, Unthank filed a motion in this Court seeking to amend the PSR "to reflect that he is no longer a career offender" (Doc. 114).  On December 20, 2006, the Clerk's office reassigned the case to the undersigned District Judge, who directed the United States to respond.  They did so on January 3, 2007 (Docs. 118, 119).

The Court cannot grant the requested relief for several reasons.

First, Unthank has cited no case or statute authorizing a District Court to amend a PSR ten years after a Defendant was sentenced.  Second, to the extent that Unthank seeks to use his allegedly changed circumstances[1] to modify or amend his sentence, his motion falls within the ambit of 28 U.S.C. § 2255.  *See Jackson v. U.S.*, **463 F.3d 635, 639-40 (7th Cir. 2006)**, *citing U.S. v. Lloyd*, **398 F.3d 978, 989-80 (7th Cir. 2005)**, and *Melton v. U.S.*, **359 F.3d 855, 857 (7th Cir. 2004)**.

Unthank already filed one § 2255 petition.  Therefore, this Court is "obliged to dismiss … for want of jurisdiction" any subsequent request for § 2255 relief, because Unthank has not received permission from the Court of Appeals to file a second collateral attack on his sentence.  *Melton*, 359 F.3d at 857.  *See also Poe v. United States*, 468 F.3d 473, 476 (7th Cir. 2006)(Federal prisoners "must obtain permission from the court of appeals before filing a second or successive § 2255 motion").

Finally, even if the Court *could* reach the merits of Unthank's motion, serious concerns linger about the document Unthank uses to support his request to amend

---

[1]   Claiming that his state court conviction for intimidation was reversed in July 1999, Unthank argues that an updated PSR "may be used to try and receive" habeas relief.  Doc. 114, pp. 1-2.

the PSR.  Unthank tendered a one-page document purporting to be a June 22, 2006 Order from the Madison County (Illinois) Circuit Court dismissing the criminal charges against him in Case No. 91-CF-1556 (*see* Exhibit 2 to Doc. 114).  But the United States Attorney's Office was unable to verify the authenticity of that Order and has informed this Court (Doc. 119, pp. 1-2): "The certified copy of the file in case no. 91-CF-1556 does not include a copy of the Order of June 22, 2006, nor is there any mention of action on the file after April 1992."

Put simply, to the extent Unthank seeks to modify or correct his January 1996 sentence, this Court lacks subject matter jurisdiction to grant the requested relief.  To the extent Unthank's motion falls *outside* the scope of § 2255, and assuming arguendo that the undersigned Judge properly could reach the merits of the motion, Unthank has not demonstrated that such relief is available at this late hour on the record before this Court.

For all these reasons, the Court DENIES Unthank's October 10, 2006 motion (Doc. 114).

IT IS SO ORDERED.

DATED this 10th day of January 2007.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge